**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **ANAHIS Z. MELENDEZ FERREIRA,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-1858-G** |
| | ) | |
| **JOSHUA JOHNSON, et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

**REPORT AND RECOMMENDATION**

Petitioner Anahis Z. Melendez Ferreira is a noncitizen,[1] Venezuelan national, and Portuguese citizen proceeding pro se. She filed a Petition for Writ of Habeas Corpus ("Petition"), Doc. 1, challenging under 28 U.S.C. § 2241 her detention by U.S. Immigration and Customs Enforcement ("ICE"). United States District Judge Charles B. Goodwin referred this matter to the undersigned Magistrate Judge in accordance with 28 U.S.C. § 636(b)(1)(B)-(C). Doc. 3. The undersigned set an expedited briefing schedule, Doc. 5, and the Petition is at issue. For the reasons below, the undersigned recommends that the Court grant the Petition, Doc. 1, in part and order Respondents to provide Petitioner a bond hearing under 8 U.S.C. § 1226(a) within seven days or otherwise to release her if there is no hearing within that time.

---

[1] Unless quoting, this Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

## I. Background

Petitioner entered the United States on or about May 12, 2022, pursuant to the Visa Waiver Program ("VWP") after being inspected and admitted by an immigration officer with authorization to remain in the country until August 11, 2022. Pet. at 2, 5; Doc. 7-1 at 1 (Record of Deportable/Inadmissible Alien); Doc. 7-2 at 1 (VWP Notice of Intent to Issue a Final Administrative Removal Order). Petitioner alleges within one year she timely filed an application for asylum, which remains pending. Pet. at 6.

On or around June 7, 2026, Petitioner was arrested in connection with an alleged Class C misdemeanor assault offense and was later transferred to ICE custody. *Id*. at 2; Doc. 7-1 at 2; Doc. 7-3 at 1 (Warrant for Arrest). On June 9, 2026, ICE issued to Petitioner a VWP Notice of Intent to Issue a Final Administrative Removal Order, alleging she remained in the United States beyond August 11, 2022, in violation of 8 U.S.C. § 1227(a)(1)(B). Doc. 7-2 at 1. In response to the Notice, Petitioner stated she wished to request asylum because she feared persecution if removed. *Id.* at 2.[2] Also on June 9, 2026, ICE issued a VWP Final Administrative Removal Order ("FARO") ordering her removed to Portugal. *Id.* at 3. Petitioner's next Immigration Court hearing is scheduled for October 30, 2026. *See* EOIR, Automated Case Information, *at* https://acis.eoir.justice.gov/en/ (last visited Oct. 5, 2026).

[2] It is unclear whether this is different from the asylum that Petitioner alleges she timely requested after entering the country in May 2022. *See* Pet. at 6.

Petitioner alleges that after she was detained, she requested a bond hearing, but the request was "not accepted because no Notice to Appear had been filed with the Immigration Court and no proceedings were pending." Pet at 5. Petitioner alleges Respondents have not identified the statutory authority under which she is being detained, meaning no neutral adjudicator has considered whether her detention is necessary. *Id*.

When Petitioner filed her Petition, she was detained at Diamondback Correctional Facility in Watonga, Oklahoma. *Id*. at 2. She remains detained there. *See* ICE Online Detainee Locator System, *at* https://locator.ice.gov/odls/#/results (last visited Oct. 5, 2026).

## II. <u>Petitioner's Claims</u>

Petitioner asserts four counts in her Petition.

- **Count I: Violation of Substantive Due Process.** Petitioner alleges her detention violates the Due Process Clause because it is not rationally related to any legitimate government purpose and "Respondents have never established through an individualized determination that Petitioner poses a danger to the community or a flight risk." Pet. at 18.

- **Count II: Violation of Procedural Due Process**. Petitioner alleges her continued detention and Respondents' failure to provide a bond hearing to determine flight risk or danger to the community violate her procedural due process rights. *Id*. at 18-19.

- **Count III: Violation of the Administrative Procedure Act ("APA").** Petitioner alleges Respondents' decision to detain her contrary to her constitutional rights violates the APA. *Id*. at 19-20.

- **Count IV: Prolonged Detention in Violation of Procedural Due Process**. Petitioner alleges due process requires Respondents to justify her ongoing detention at an individualized bond hearing before a neutral adjudicator where her detention is justified by clear and

> convincing evidence of flight risk and danger, while considering alternatives to detention. *Id*. at 20.

She asks the Court for immediate release as well as declaratory and injunctive relief preventing her re-detention without a pre-deprivation hearing. *Id.* at 21.

## III. Standard of Review

To obtain habeas corpus relief, Petitioner must show that she is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

## IV. Analysis

### A. Section 1226(a) applies to Petitioner's detention.

While Petitioner does not explicitly raise a claim under the Immigration and Nationality Act ("INA"), the undersigned concludes the Court must first determine what provision governs Petitioner's detention. The two sections of the INA that govern detention of noncitizens pending removal proceedings are 8 U.S.C. §§ 1225 and 1226. Section 1226(a) generally authorizes detention of a noncitizen pending removal proceedings and entitles the noncitizen to a bond hearing. *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1))). Petitioner alleges her detention without an individualized determination that she is a flight risk or danger to the community violates her due process rights. Pet. at 18-20. The undersigned liberally construes Petitioner to allege she is detained under

§ 1226(a) and, thus, entitled to an individualized bond hearing. Respondents do not dispute she is detained under § 1226(a). *See* Resp. at 5 ("Petitioner's Detention is Authorized under 8 U.S.C. § 1226(a).").

The Tenth Circuit recently confirmed § 1226(a) applies to govern detention of noncitizens like Petitioner. *Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1235-49 (10th Cir. 2026). In *Santillan Quiroz*, the Tenth Circuit concluded "those who entered the United States without admission and who have lived here since are categorically unable to seek admission while they remain in the country." *Id.* at 1239 (citation modified). Accordingly, "noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond)." *Id.* at 1237. Therefore, based on Respondents' acknowledgment that § 1226(a) applies, Tenth Circuit precedent, and this Court's prior holding in *Munoz v. Holt*, No. CIV-25-1190-G, 2026 WL 2200433, at *3 (W.D. Okla. July 30, 2026), the Court should apply § 1226(a) to govern Petitioner's current detention.

The undersigned is not persuaded by Respondents' assertion that because Petitioner is a VWP participant, she "waived the right to removal proceedings," Resp. at 6, where she has applied for asylum and her asylum case is pending in the Immigration Court. Under the VWP, a noncitizen who enters the country waives any right "(1) to review or appeal . . . an immigration officer's determination as to admissibility of the alien at the port of entry into the United States, or (2) to contest, other than on the basis of an application for asylum, any action for removal." 8 U.S.C. § 1187(b). Thus, Respondents argue, "Petitioner also waived her rights to the 'typical removal procedures provided under section 1226(a),'

including the right to a Notice to Appear." Resp. at 6 (quoting *Pomaquiza Loja v. Brophy*, No. 26-CV-512, 2026 WL 1543181, at *1, *4 n.3 (W.D.N.Y. June 2, 2026)). However, Respondents fail to establish why a noncitizen detained under § 1226(a) would not be entitled to a bond hearing though "she waived her rights to the 'typical removal procedures provided under section 1226(a).'" Resp. at 6 (quoting *Pomaquiza Loja*, 2026 WL 1543181, at *1, *4 n.3). The undersigned concludes she has not. *Accord Pacheco Castillo v. Mullin*, No. 26-CV-02201, 2026 WL 2740582, at *2 (D.N.M. Sep. 16, 2026) (concluding due process was satisfied where a noncitizen detained under § 1226(a) and removable because he exceeded his authorized stay under the VWP had received a bond hearing).[3]

**B. The proper remedy is a bond hearing.**

As Respondents acknowledge, "noncitizens detained under §1226(a) are generally eligible for bond." Resp. at 6 (quoting *Santillan Quiroz,* 180 F.4th at 1251 n.13). The undersigned concludes a bond hearing is the proper remedy. *See Munoz*, 2026 WL

---

[3] The undersigned is similarly unpersuaded if Respondents' argument can be construed to assert the waiver of typical removal proceedings results in a final order of removal, meaning that Petitioner is detained under 8 U.S.C. § 1231, which governs the detention of noncitizens with an administratively final order of removal. *See, e.g.*, *Talv v. Soto*, No. 26-cv-09447, 2026 WL 2607317, at *3 (D.N.J. Sep. 3, 2026) (concluding a VWP entrant with a pending asylum claim is not subject to "an administratively final order of removal for purposes of § 1231(a)(1)(B)(i)"); *Condappa v. Field Off. Dir.*, No. 26-CV-00933, 2026 WL 1642814, at *4 (N.D. Ohio June 8, 2026) (R&R) (recommending a bond hearing under § 1226(a) after collecting cases and noting "circuit courts across the country have concluded that a VWP Removal Order does not constitute a final order of removal until the VWP participant's asylum application, has been denied"); *AMM v. Thompson*, No. SA-25-CV-01210, 2025 WL 3296315, at *2 (W.D. Tex. Nov. 26, 2025) (concluding "if a VWP participant like Petitioner applies for asylum, the VWP FARO will not become final unless and until the asylum claim is denied").

2200433, at *3 (concluding because § 1226(a) governs petitioner's detention, "he is entitled to a bond hearing"). Further, Judges in this District, including this Court, have consistently declined to order burden shifting. *See, e.g.*, *Sow v. Cerna*, No. CIV-26-1376-G, 2026 WL 2302462, at *2 (W.D. Okla. Aug. 10, 2026) (declining to address a petitioner's burden-shifting claim). As a result, the Court should grant the Petition in part and order Respondents to provide Petitioner with a bond hearing under § 1226(a) before a neutral IJ within seven days or otherwise release her if she does not have a lawful bond hearing within that period.[4]

**C. The Court should decline to address Petitioner's remaining claims.**

Petitioner also argues her detention violates her rights to due process and the APA. Pet. at 18-20. If the Court grants habeas relief to Petitioner with a bond hearing under § 1226(a), the Court should decline to decide the merits of her remaining claims based on her continued detention. *See, e.g.*, *He v. Blanche*, No. CIV-25-1435-G, 2026 WL 2296120,

[4] While Judges in this District have ordered release for noncitizens whose earlier release was improperly revoked, Petitioner has not alleged or provided evidence that the circumstances of her detention entitle her to release rather than a bond hearing. *See Singh v. Mullin*, No. CIV-26-471-SLP, 2026 WL 1255801, at *2 (W.D. Okla. May 7, 2026) (ordering a bond hearing but not release because petitioner had not provided the Court with sufficient evidence to establish entitlement to release); *accord Singh v. Cerna*, No. CIV-26-1194-J, 2026 WL 2364443, at *1 (W.D. Okla. Aug. 14, 2026) (ordering release where ICE improperly revoked petitioner's prior bond ordered by an immigration judge); *Singh v. Grant*, No. CIV-26-289-R, 2026 WL 1483557, at *1 (W.D. Okla. May 27, 2026) (same); *Skutar v. Mullin*, CIV-26-0036-HE, Doc. 15, at 2-3 (W.D. Okla. Apr. 24, 2026) (ordering petitioner's release where no changed circumstances existed from when an immigration judge previously ordered bond).

at *2 (W.D. Okla. Aug. 10, 2026) (declining to decide a petitioner's additional due process claim when adopting the recommended relief of a bond hearing under § 1226(a)).

## V. Recommendation and Notice of Right to Object

For these reasons, the undersigned recommends that the Court **GRANT in part** the Petition for habeas relief by ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within seven days or otherwise release Petitioner if she has not received a lawful bond hearing within that period.

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed not later than **October 13, 2026**. *See id.* § 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party wishes to respond to the other party's objections, such response must be filed not later than **October 16, 2026**. *See* Fed. R. Civ. P. 72(b)(2). Failure to object timely waives the right to appellate review of the factual and legal issues addressed in this Report and Recommendation. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** this 5th day of October, 2026.

Chris M. Stephens
CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE